By the Court,
Lane, C. J.
The plaintiff can not recover under this form of declaration, except by showing that Carpenter and Schuer are joint makers of the note given in evidence. He insists that proof of (his fact is presumed by the form in which they became a party, especially when accompanied with the proposed testimony showing that Schuer intended to become a surety, and repelling the presump *139 tion of his being an endorser. The defendants rely upon ¿the form of the paper as constituting a guaranty or collateral undertaking by Schuer; which being in writing or implied by law, can not be altered by parol. This form of mercantile paper is not unusual in business, and it seems strange that the precise character of the signer on the back of the note, has not been long since established with certainty. The cases cited by'the diligent counsel in this ease do not so settle the question. Those from Massachusetts, determine that where-a person, not a party to the note originally, signs his name upon it in blank at the time of its execution, he becomes, by relation, a party, and may be proceeded against as maker, and tbat„the note itself furnishes presumptive evidence of this relation, by the application of the-rule, that a contract is construed most strongly against the person bound. 3 Mass. 374 ; 5 Mass. 358, 546 ; 7 Mass. 58 ; 14 Mass. 316 ; 8 Pick. 122. In a late case, Dean v. Hale, 17 Wend. 214, it was held, that where an endorser of a promissory note payable to bearer, was privy to the consideration, he may be charged directly as maker or as endorser, and that a bona fide holder of such a note, endorsed in blank, may fill up the endorsement in any form consistent with the intent of the parties, and numerous authorities are there cited to support the decision. The endorsement in the case before us, being in blank, may be looked upon as filled up to conform to the plaintiff’s declaration, or may be in fact now so filled up.
We believe the principle running through these cases entirely conformable to the law merchant, and calculated to secure the legitimate-rights of all parties. If a person not a party, give his name to anote already existing, his engagement is collateral only, and he is to be held as guarantor; but if such a person sign his name to such a paper at the time of its execution, without prescribing the limits of his responsibility, he authorizes the holder to treat him as a maker, and is as much bound as if his name'was written under that of the-principal. In the case before us, Schuer need not be treated as a guarantor: he is only entitled to the privileges of a surety. In. adopting this rule, we contravene no decision made in our own state. Green v Dodge and Cogswell, 2 Ohio, 498, is in no way impugned. In that ease, either the holder or the person bound, had set out the terms of the endorser’s liability by filling the blank, and the law decided, relates only to a case where the character as guarantor is ascertained. The case of Stone v. Vance and others, 6 Ohio, 246, turned upon a peculiar state of facts, which repelled the presumption of any joint-undertaking between the second and third defendants.
*140 The parol evidence offered by the plaintiff is unnecessary for his * recovery. But in cases of blank signatures of this kind, such testimony is admissible, because it is consistent with the contract ■ either to show the intention of the parties' as to the extent of the .liability, or to repel the ordinary presumption against such endorser.
Judgment for plaintiff.