By the Court, Bronson, J.
If the plaintiffs knew of the previous negotiation, and put their names on the note for the purpose of becoming sureties to the defendant for the loan to Nichols, they cannot maintain this action. In that case, the defendant, if he had not negotiated the note, might have written a guaranty over the plaintiffs’ names, and in that form have recovered the amount of the note from them. (Nelson v. Dubois, 13 Johns. R. 175. Campbell v. Butler, 14 id. 349; and see Dean v. Hall, 17 Wendell, 214.) Although the defendant negotiated the note, the plaintiffs have only been compelled, in another form, to answer as sureties for Nichols.
But if the plaintiffs, at the time they endorsed, did not know what use was to be made of the note—if they did no more than put their names on the back of the note made payable to the order of the defendant, then they must be regarded as second endorsers, with all the rights incident to that relation. (Herrick v. Carman, 12 John. R. 159.) Had the note remained in the defendant’s hands, he could not have recovered on it against the plaintiffs; and having endorsed and negotiated it, he would be answerable to the plaintiffs as first endorser—the plaintiffs having been compelled, as second endorsers, to pay the note to a third person.
I agree with the plaintiffs’ counsel, that the evidence was insufficient to defeat the plaintiffs’ action. There was no proof which would authorize the jury to find, that the plaintiffs, at the time they endorsed, knew what use, in particular, Nichols intended to make of the note. They did not know that it was going into the defendant’s hands; and, for aught that appears,, they may have endorsed in the belief, that the note could be of no force as against them, until it had first been endorsed by the payee named in it, and that they would consequently stand as second endorsers. But the plaintiffs have not put themselves in a situation to review that matter on a writ of error. When the judge submitted this part of the case to the jury, as a question for their consideration, the plaintiffs did not except. On the *94 contrary, they seemed to acquiesce; for, instead of excepting, they asked the judge to charge in a particular way in relation to another matter. When he declined charging as they desired, on that matter, and gave a different instruction, the plaintiffs excepted. That exception cannot, I think, be fairly construed as extending beyond the matter which immediately preceded it. It does not reach the objection, that the judge left a question to the jury which had not been made by the evidence.
The exceptions to the admission of evidence cannot be maintained. The evidence offered and received, was part of a chain of facts going to make out a good defence. The difficulty was, not that the evidence given was improper, as far as it went, but that it did not go far enough to make out the defendant’s case.
I fear the plaintiffs have suffered in their legal rights, but I see no relief on a writ of error. The remedy was, either by a more pointed exception, or a motion in the court below for a new trial.
Judgment affirmed.