## Case No. 3,880.

DIBBLE et al. v. DUNCAN et al.

[2 McLean, 553.][1]

Circuit Court, D. Ohio. July Term, 1841.

Assumpsit on Note — Sufficiency of Plea—Parol Evidence to Show Relations of Parties —Special Pleas.

1. A plea that the defendant. who was sued as principal, indorsed the note as guarantor and not as principal, being demurred to, it was held the plea was good.

2. The undertaking of the defendant was collateral. and he can only be made liable in the character assumed.

3. It may be doubtful whether parol evidence is admissible to show that a defendant is surety against the terms of the note. But. if the intent with which the indorsement was made be doubtful, it may be explained by parol.

4. A special plea which amounts only to the general issue is bad. But in the action of assumpsit there are many defences which may be pleaded specially or given in evidence under the general issue.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

5. In special pleas in bar color to the plaintiffs' right must be given.

Brush & Gilbert, for plaintiffs.

Mr. Smythe, for defendants.

OPINION OF THE COURT. This is an action of assumpsit [by Dibble, Pray & Co. against Duncan and others]. The declaration contained a count on a promissory note, one for goods sold and delivered, another for money had and received, &c. Two pleas were filed: First, the general issue, and secondly, Duncan pleaded that he was not a joint maker with the said Converse and Birkey of said promissory note, nor was he in any wise interested in the subject matter of said contract, but that his name was placed upon said promissory note as an indorser merely and guarantor of the payment of the same. The plaintiffs demurred to this plea, and assigned the cause of demurrer as follows: First: That the plea amounts to the general issue. Second: It states a conclusion of law. Third: If the facts alledged be true they constitute no bar.

It may be admitted that the matters set up in the plea might be proved under the general issue, but it does not follow that the special plea is therefore improper. In the action of assumpsit there are many defences which may be pleaded specially or given in evidence under the general issue. Of this character are all such matters as go to discharge the action; such as infancy, a release, want of consideration, accord and satisfaction, foreign attachment, or that a higher security had been given, payment, &c. A special plea which amounts to the general issue is bad; and, therefore, a special plea must give express or implied color to the plaintiffs' right, and not deny it as is done by the general issue. By Reg. Gen. Hil. T. 4 Wm. IV. all matters in defence, in England, except a denial of the promise, are now required to be pleaded specially; and this is justly considered a great improvement in the rules of pleading. The plea in this case admits the signature of the defendant on the note, but alledges that it was placed there as a security and not as principal. And this is admitted by the demurrer. Now if the defendant, Duncan, undertook as guarantor, to pay the note, and not as principal, he can only be made liable in the character he assumed. As guarantor he was entitled to notice, and it is incumbent on the plaintiffs to show that they have used legal diligence. The plea gives color to the plaintiffs' right, and, it therefore, does not amount to the general issue. As regards the present action, the effect of the plea, if true, may be the same as the general issue; but the form is substantially different. In many cases it is advisable to plead specially rather than to give the facts in evidence under the general issue, as it may narrow the grounds of defence. The plaintiffs are called upon either to admit or deny the special matter pleaded.

In pleading facts only are to be stated and not arguments, or inferences. or matter of law. Should a matter of law be stated it may be regarded as surplusage. It is not perceived, however, that the above plea is liable to this objection. 1 Chit. Pl. (Ed. 1837) 245. In the case of Bright v. Carpenter, 9 Ohio 139, it was held "that where a stranger to a promissory note indorse it in blank at the time of making it, the payee of that note may sue him with the maker as a joint maker of the note and he is entitled to the privileges of a surety." "That such blank indorsement may be filled at any time in form to oblige the indorser as principal, or the court may regard it as so filled up. And that parol proof was admissible to show the intention of the parties as to the extent of the indorsee's liability." And in Dean v. Hall, 17 Wend. 214, "where a note was made by A, payable to B, or bearer, C indorsed it, and an action was brought by a third person claiming, by transfer, from B, charging C as the maker of the note. it was held on demurrer, that the declaration was bad." "It seems that where an indorser to such a note is privy to the consideration he may be charged directly as maker or as indorser, and that a bona fide holder may, in all cases, write a bill of exchange over the name of the indorser, or fill up the blank in any form consistent with the intent of the parties." It is objected to the plea that it does not alledge the defendant signed the note as guarantor after its execution. The plea states that the defendant was not in any wise interested in the subject matter of the contract, but that he signed it as guarantor. This, we think, is sufficient. It shows that the undertaking of the defendant was collateral, and that he cannot be sued as principal. It may be doubted whether, on general principles, evidence is admissible to show that the defendant is surety when, by the terms of the note, he appears to be a principal. In Laxton v. Peat, 2 Camp. 185, it was held, that an acceptor of a bill of exchange might show that he was merely an accommodation acceptor. And under this authority the case of Collott v. Haigh, 3 Camp. 281, was decided; but these cases were overruled in the case of Fentum v. Pocock, 5 Taunt. 192. In Rees v. Berrington, 2 Ves. Jr. 540, Lord Loughborough says, "where two are bound jointly and severally, the surety cannot aver by pleading that he is bound as surety; and to this effect is the case of Garrett v. Jull, Selwyn, N. P. 387.

It is not important on what part of the note a guarantor shall sign his name. It may be placed on the back or face of the note; and the intent with which the name was indorsed, it would seem, might be shown by parol. There could be no doubt of this if the effect of the indorsement was in itself doubtful, and the note was in the hands of the payees. This would be in explanation of the indorsement, and not against its terms

or legal effect. As appears from the plea the defendant, Duncan, was not privy to the consideration. and the case in Wendell, above cited, sustains the plea. The decision from the Ohio Reports, in the admission of parol evidence, may have been influenced by a statute which requires an execution to be levied first on the property of the principal.

Upon the whole, we think that the demurrer to the plea must be overruled.