By the Court,

Bronson, J.
Although the nature of the obligation which the defendant intended to contract was sufficiently manifested by putting his name on the back of the note, he seems to have added the word “backer,” for the purpose of declaring still more explicitly that he was to be regarded as an endorser; and his residence" was given for the purpose of indicating the place to which notice might be sent in case the note should not be paid at maturity by the maker. I infer, also, from the conversation between the" parties about the time the note fell due, that they both regarded the defendant as standing in the character of an endorser, and entitled to notice as such. I do *82 not see, therefore, upon what principle he can be charged as maker or guarantor. It would be submitting a new contract for the one which the parties have made.
If the special circumstances which have been mentioned are laid out of view, the result will still be the same. When a man writes his name without any thing more, on the back of a negotiable promissory note, he agrees that he will pay the note to the holder on receiving due notice that the maker, on demand made at the proper time, has neglected to pay it. This is the legal effect of the endorsement, and the case is not open to any intendment—certainly not to the presumption that. the party meant to contract a different obligation. Proof that he put his name on the note for the purpose of giving credit to the maker, or enabling him-to raise money upon the paper, only shows that there is a special relation between him and the maker; not between him and- the holder. It does not change the nature of the contract of endorsement from what it would be had the note actually passed through his hands in the usual course of business, and been endorsed for value. If this be not so, then every accommodation endorser may be treated as a maker or guarantor of the paper.
Now, what did the plaintiff prove, for the purpose of obviating the objection that there had been no demand and notice 1 The defendant said, about the time the note fell due, that if it had not been for getting his own pay from Pickering, the maker. he would not have signed the note. This does not prove that there was originally any agreement or understanding between the plaintiff and the defendant, aside from the contract of endorsement, or that they had any communication whatever in relation to the giving or endorsing of the note. The most that can justly be inferred from the admission is, that the defendant endorsed for the accommodation of Pickering, and that his motive for doing so, was the expectation of getting a debt which Pickering owed him. But neither the fact of his being an accommodation endorser, nor his motive for becoming such, can affect the present question. The plain *83 tiff had nothing to do with the mode in which Pickering should dispose of the money to be obtained on the note; and whether the defendant did an act of mere benevolence, or whether he expected to derive some personal advantage from the endorsement, cannot alter the nature of his contract.
If we assume that the note was originally passed to the plaintiff, who is named in it as payee, that will not alter the case. The defendant might still have been charged as endorser ; and where he may be so charged, he cannot, I think, be made liable in any other form. The note is payable to the plaintiff or bearer, and in its legal effect, was payable to the bearer. The plaintiff mihgt have declared that Pickering made his promissory note payable to bearer, and delivered it to the defendant, who thereupon endorsed and delivered it to the plaintiff, with an averment that payment was demanded of the maker at maturity, and due notice of non-payment given to the defendant. The plaintiff might also have transferred the note by delivery to some third person, and then the holder might have declared in the same way; or he could have alleged that Pickering made his note payable to Daniel Seabury or bearer, that Seabury delivered it to the defendant, who endorsed and delivered it to the holder. But without transferring the note, if the plaintiff had taken the proper steps for that purpose, there could be no difficulty in his declaring and recovering against the defendant as endorser. We had occasion to consider this question in Dean v. Hall, (17 Wendell, 214,) and that case will be found to be entirely decisive of the one at bar. Coleman made his promissory note payable to Howard or bearer, upon the back of which Hall endorsed his name, and the note was then delivered to Howard, the payee named in it. We held that there was no legal difference between a note payable to bearer, and one payable to a particular person or bearer; that Howard, the payee, or Dean, to whom he had transferred the note, might either of them have declared and recovered against Hall as endorser ; and that they could not charge him in any other character.
*84 If the note had not been negotiable, or if for any other reason the case had been such that the defendant could not, by the exercise of proper diligence, have been charged as endorser, and there had been an agreement that he would answer in some other form, then the plaintiff might have written over the name such a contract as would carry into effect the intention' of the parties. When a contract cannot be enforced in the particular mode contemplated by the parties, the courts, rather than suffer the agreement to fail altogether, will, if possible, give ■ effect to it in some other way. But they never make contracts for parties, nor substitute one contract for another. This was, in legal effect, regular .mercantile paper, upon which the defendant contracted the obligation of an endorser within the law merchant; and by that obligation, and no other, he is bound.
It is said, that the defendant was privy to the consideration for which the note was given, and therefore liable as maker or guarantor. But it is not enough that the endorser knows what use is to be made of the note, or that he endorses for the purpose of giving the maker credit, either generally, or with a particular individual. If the note is negotiable, the only inference to be drawn from the fact of his putting his name on the back of-it is, that he intended to give the maker credit by becoming answerable as endorser; and this inference is so strong that it will prevail even. where his obligation as endorser cannot be made operative without first obtaining the name of another person to the paper. (Herrick v. Carman, 12 John. R. 159. Tillman v. Wheeler, 17 id. 326.) Before he can be made liable as maker or guarantor, there must at the least be an agreement that he will answer as such. (Nelson v. Dubois, 13 John. R. 175.) And where a paroi agreement to that effect is shown, I do not see how it can be made to take the place of the written contract of endorsement. In other cases, the rule is, that when parties have come to a written contract, that is taken as the evidence of their final agreement, and all prior negotiations are merged in it In Nelson v. Dubois, the defendant agreed to become secur *85 rity for Brundige, and to guaranty the payment of a note which B. was about to make to the plaintiff: but when the contract came to be reduced to writing, it took the form of a negotiable promissory note upon which the defendant might have been charged as endorser. That was the final agreement between the parties, and I see no principle upon which the plaintiff could be allowed to abandon the written contract and go back to the prior negotiations for the purpose of charging the defendant as guarantor. And although the defendant was charged in that form, the case is not, I think, an authority for the position which it is usually cited tq support. The point that the defendant might have been made answerable as endorser, was neither taken at the trial nor on the argument, nor was it mentioned by the court; but the contrary was assumed in every stage of the cause. The only objection made at the trial or on the argument was, that the case fell within the influence of the statute of frauds. It was assumed that the defendant could only be charged as guarantor, and the objection was, that the contract of guaranty should have been written out at the time the defendant put his name on the note. Spencer, J. who delivered the opinion of the court, stated at the outset, that the case turned on the point whether the promise was within the statute of frauds. He then proceeded to cite cases where the party had been held answerable as guarantor, although the contract had not been written out in full at the time; but they are all cases where he could not have been charged as endorser. Nelson v. Dubois is, then, an authority for the position that one who puts his name, in blank, on the back of a promissory note, may be held liable as maker or guarantor, when there is an agreement to that effect, and when he could not be charged as endorser: the case is not within the statute of frauds. But it is not an authority for saying, that the usual contract of endorsement upon commercial paper can be changed into something else, by showing a prior paroi agreement to be answerable in some other form. This court could never have intended to sanction the doctrine *86 that the holder of a negotiable promissory note may abandon the contract in writing actually made by the- endorser, and substitute another contract in its place".
In any view of the case of Nelson v. Dubois, it proves nothing against this defendant; for here, there was not only a regular contract of endorsement, but there is not a particle of evidence, by paroi or otherwise, that. the defendant ever made any different agreement. It is impossible to charge him as maker or guarantor. The cases on this subject were so fully considered in Dean v. Hall, (17 Wendell, 214,) that I do not think it necessary to examine them on the present occasion.
Nelson, Ch. J. dissented.
New trial denied.