Mr. Justice Clayton
delivered the opinion of the court.
This was an action brought by Jennings <fc Drone against Thomas, and Ellison, and Osburn, as joint makers of a note, payable to the plaintiffs. The note was signed by Ellison and Osburn, in the usual way ; but the name of Thomas was written on the back. There was no evidence in the case except the note itself. The defendant, Thomas, requested the court to charge the jury, “ that the evidence given was not sufficient to support the action against him, and in the absence of other proof they ought to presume his name was put on the back of the note as indorser, and not as a joint maker.” The court refused to give the instruction ; the jury found a verdict for the plaintiffs, upon which judgment was rendered,' and' an appeal to this court.
The controversy is as to the relation which Thomas sustains to the instrument sued on: whether he is tobe regarded as maker, as indorser, or as guarantor. If he be a'matter'the judgment is correct;'if indorser it is incorrect, because of the absence of proof of the requisite’demand and notice; and if he be a guarantor a joint action cannot probably be sustained. There is but a single count in ihe declaration, and that ‘charges the defendants as joint makers.
The general rule is, that where paper is negotiable, one who writes his name on the back shall only be held liable as in-dorser. The rule, allowing a blank indorsement of a note to be construed into a guaranty, only applies where such construction is necessary to prevent an entire failure of the contract. Hall v. Newcomb, 3 Hill, 233. If a person, whose name is not on the face of the note as payee, indorse it, at most, if indorser at all, he only becomes second indorser. This usually affords no *631 security to the payee, because if he put his name óñ ihe noté-as first indorser, he is primarily liable, and the other party only, in a secondary manner. But it has been said that there may be circumstances under which a prior indorser may recover against a subsequent one. 12 Johns. 160- These special circumstances must of course be made to appear by evidence of some sort; they canrjot be inferred. Here it is not attempted to charge Thomas as indorser.
In Dean v. Hall, 17 Wend. 214, the court says, “there are cases which decide that where notes have been made payable to a particular person or order, or to the order of a particular person, and indorsed first by a third person, such third person has been held to be an original maker of the note, or a guarantor of payment, according to the nature of the transaction, and the understanding of the parties. If such indorser put his name on the back of the note at the time it was made, according to a promise to become originally and directly responsible, or if he participated in the consideration for which the paper was given, he has been adjudged a. joint maker. If his indorsement was subsequent to the making of the note, and he had nothing to do with the original consideration, but put his name on the note to add to. the security, he has been adjudged a guarantor.”
This seems to be a very correct view of the subject. Without some evidence, therefore, explanatory of the character of the transaction, neither a court nor a jury would be able to determine in what light the contract of Thomas should be viewed. The criterion is wanting by which to fix the nature of his liability. The plaintiffs, in failing to prove the circumstances which would authorize the holding him bound as maker, failed to make out their case. The judgment must, therefore, be reversed, and the cause remanded for a new trial.
Judgment reyersed.