## PENNY *v.* PARHAM et al.

Where a note executed by the purchaser for the price of property, payable to the vendor, was signed, and endorsed by a third person, at the time of executing the act of sale, and subsequently endorsed by the payee, the first endorser will be bound as a surety.

Amendments to pleadings should be allowed only in furtherance of justice.

APPEAL from the District Court of Madison, *Willson*, J. The judgment of the court was pronounced by

EUSTIS, C. J. This action is brought against the defendants, partners in trade, on endorsements made by them on two promissory notes, made at Clinton, in Mississippi, dated the 8th of February, 1837, and payable in May, 1841, and 1842, respectively, for $2600 each. They are signed by *R. A. Taylor*, and in favor of *Behms & Cook*, but are not endorsed by the payees. An endorsement of *Behms & Cook* follows that of the defendants. An answer was filed in which the defendants charge that the notes were endorsed by them in blank as accommodation endorsers, with the belief that the payees would first endorse them before they could be negotiated, and thus the payees be bound to them as first endorsers, should they be obliged to pay the notes. They allege fraud, &c. It appears that over the signature of *Parham & Gibson* was written a guaranty of the payment of the notes to *Benms & Cook*, or order; but as this was not written at the time of the endorsement, it is not material to notice it.

The endorsements sued on, and the defence, assimilate this case to that of *Mc-Guire* v. *Bosworth et al., ante,* p. 248, in which we held that, by the uniform jurisprudence of this State, it was settled that, when a person, not a party to a promissory note, puts his name on the back of it, he is presumed to bind himself as

surety. It is contended that a different rule prevails in the State of Mississippi on this subject, and a manuscript case of *Thomas* v. *Jennings & Drone*, decided by the High Court of Errors and Appeals, has been cited by the learned counsel for the defendants. We understand that tribunal simply as re-asserting the doctrine laid down in the cases of *Dean* v. *Hall*, (17 Wendell, 214) and *Hall* v. *Newcomb*, (3 Hill, 233) that, where a man writes his name on a negotiable note, he is *primâ facie* held only as endorser ; but that where another construction is necessary to be given to the contract in order to give it effect, he may be made responsible as an original maker, or guarantor, according to the nature of the transaction and the understanding of the parties. The liability of the party depends on the evidence explanatory of the transaction. The criterion by which to determine the obligation of the party was wanting, and the court of Mississippi determined that, in the absence of any proof, other than the note itself, the jury were bound to presume that the party who had put his name on a promissory note, not endorsed by the payee, was bound as endorser and not as maker.

In this case the notes formed part of the price of a house and lot, sold by *Behms & Cook* to *Taylor*. The notes were signed, and endorsed by the defendants, at the time the deeds of sale were executed. The whole transaction was simultaneous, and the object of the endorsement was that the defendant should be bound in some form to *Behms & Cook*, for the amount of the notes. The proposition that they intended to bind themselves merely as endorsers, involves a palpable absurdity, under the evidence before us. The notes were filled up with the names of *Behms & Cook*, and to make them the first endorsers, according to the defence set up, would be to make them, the creditors, endorse for their own debtor, and for the benefit of the defendants, with whom they had no transaction before this whatever. We cannot notice an hypothesis which leads to such conclusions.

Under this evidence we conceive the defendants to be bound by their endorsements, as sureties. Story on Promissory Notes, § 133, 134, and *notes*. This construction is absolutely necessary in order to give any effect to the signature, and to carry into effect what is proved beyond contestation to be the true intent and meaning of the parties when the transaction, of which the notes formed a part, was completed. Idem, § 479. Under the authority of the same work, § 481, 484, and under the statute of Mississippi passed on the 25th of June, 1822, which is in evidence, we do not consider the objections to the assignment of this contract as tenable.

The answer in this case was filed on the 5th of May, 1843. On the 20th of May, 1844, the defendants made an application to the court for leave to file an amended answer, in whice it was charged that *James M. Wall* was to have been an endorser on the notes before *Parham & Gibson*, and which offered explanations of an error, which their counsel was said to have fallen into, in stating his original grounds of defence. The judge refused to allow the amendment of the anwser, among other reasons, because the application came too late.

Amendments to pleadings are allowed, only with the leave of the court, for furtherance of justice ; and when a judge, under the conviction that a party has had ample time and opportunity to correct any error which counsel may have committed in the exercise of his legal discretion, under a thorough knowledge of all the attending circumstances, comes to the conclusion that it would be contrary to justice to allow it, a much stronger case must be presented to us than

PENNY
*v.*
PARHAM.

this, to induce us to reverse his decision. We therefore consider that the judge did not err, in refusing to allow the amended answer to be filed.

The defendants offered the deposition of *Taylor*, in part of which the allegation in the amended answer concerning the intended endorsement of *Wall* purports to be supported. The judge held this part of the deposition inadmissible under the pleadings, and refused to admit it in evidence. On examining the portion rejected by the judge, and giving it all the effect we are permitted to do, it does not alter our conclusions as to the facts under which this transaction was terminated. The want of precision as to time in the deposition of *Taylor* renders it inoperative, as to its effect on the facts deposed to by *Faulk*, at the time the endorsement was made and the notes delivered.

We are satisfied from the full explanation of the whole transaction given by *Faulk* in his testimony, that no injustice has deen done to the defendants by the course pursued by the judge on the trial of the cause, and that the case is clearly with the plaintiff. It is therefore considered by the court that the judgment of the court below be reversed, and that the plaintiff recover from the defendants, *in solido*, the sum of $5,200, with interest on one-half, $2,600, from May, 19th, 1841, and on the other half, $2,600, from May 19th, 1842, at five per cent, until paid, with costs in both courts.

*Stacy*, *Prentiss*, and *H. A. Bullard*, for the appellant. *A. Pierse* and *Mayes*, for the defendants.