## ELIJAH WHITON vs. RICHARD J. MEARS.

A guarantor of a promissory note, that is payable on demand, is discharged from his contract of guaranty by the omission of the holder to give him notice, within a reasonable time, of demand on the maker and non-payment by him; provided the maker was solvent when the guaranty was made, and became insolvent before notice of non-payment was given: And in such case, if notice be not given until fourteen months after demand on the maker, it is not within a reasonable time.

In an action against the guarantor of a promissory note, evidence that the maker, fourteen months after the making of the guaranty, took advantage of the insolvent law, does not warrant the inference or presumption that he was insolvent at the time of the guaranty.

THIS was an action of assumpsit, in which the plaintiff sought to charge the defendant as guarantor of the note hereinafter mentioned. The case was submitted to the court on the following agreed statement of facts:

"On the 20th of July 1843, D. A. Kimball made this note: 'Groton, July 20, 1843. For value received, I promise to pay Reuben Simpson, or order, twenty dollars on demand, with interest. D. A. Kimball.' Afterwards, and before August 14th 1843, said Simpson transferred said note, by delivery, for a valuable consideration, to the defendant, but never indorsed the same; and on the same 14th of August, the defendant, in consideration of the sum of $20, then paid to him by the plaintiff, passed the note to the plaintiff, by delivery, and wrote his name on the back thereof; but nothing was written over his name. Afterwards, and within thirty days from that time, the plaintiff informed said Kimball that he held this note, and of whom he received it; and said Kimball at first made some objections, saying that he had expected to settle it with Simpson, in their dealings; but he finally said the note would be responded to; but it never was paid. Afterwards, on the 22d of November 1844, said Kimball applied to a master in chancery, in and for the county of Middlesex, to take the benefit of the insolvent debtors' act, and was, in due time, decreed an insolvent debtor; and thereupon the plaintiff, after said application, and before said decree, gave notice o the defendant of the same, and of the non-payment of the note, and demanded the same of the defendant.

" The court are to draw such inferences, from the facts in the case, as a jury would be warranted in drawing, under the directions of the court."

*B. Russell,* for the plaintiff.

*E. Coburn,* for the defendant.

WILDE, J. Upon the facts agreed, the first question to be decided is, what was the contract between the present parties. The note sued was given by one Kimball to one Simpson, and was payable to his order. The note was afterwards transferred to the defendant for a valuable consideration, who afterwards, in consideration of the sum of $20, transferred the same to the plaintiff by delivery, and at the same time wrote his name on the back of the note. These facts, we think, authorized the plaintiff to charge the defendant as a guarantor, and to write over his name a contract to that effect.

The defendant cannot be charged as a surety, for he was no party to the original contract ; but he afterwards purchased the note of the payee, and transferred it to the plaintiff for a valuable consideration. Nor can he be charged as indorser, for the note was not indorsed by the payee.

But the plaintiff's counsel contends, that although the defendant was not originally a party to the note, yet as he, for a valuable consideration, indorsed it, and passed it to the plaintiff, the plaintiff was thereby warranted in writing over the defendant's name a new note, or an absolute promise to pay the original note ; and several cases were cited from the New York reports* in support of this argument. Whether this case comes within the principle laid down in any of those cases, we do not undertake to say ; but we are clearly of opinion that it does come within the principles laid down in the case of *Oxford Bank* v. *Haynes,* 8 Pick. 423, as to the effect and obligation of a contract of guaranty ; and that the defendant is not chargeable on any other contract. In that case, it was decided that the guarantor of a promissory note will be

---

* *Dean* v. *Hall,* 17 Wend. 214. *Oakley* v. *Boorman,* 21 Wend. 588. *Luqueer* v. *Prosser,* 1 Hill, 256, and 4 Hill, 420. *Miller* v. *Gaston,* 2 Hill, 188 *Manrow* v. *Durham,* 3 Hill, 584. *Hunt* v. *Brown,* 5 Hill, 145.

discharged by the neglect of the holder to demand payment of the maker and to give the guarantor notice of non-payment, provided the maker was solvent when the note fell due, but afterwards, and before notice, became insolvent. In the present case, no notice of the non-payment of the note was given to the defendant until more than a year after the plaintiff demanded payment of the maker, and until after he had applied to a master in chancery to take the benefit of the insolvent debtors' act, whereby all his property was afterwards transferred to his assignee. This notice was clearly not seasonable and reasonable. If it had been given in a reasonable time after the demand on the maker, the defendant might have obtained security or payment from him. But the plaintiff gave credit to Kimball, the maker of the note, on his promise to pay it ; and the neglect to give notice to the defendant deprived him of the opportunity to secure himself, whereby he was discharged from his conditional liability.

It was argued for the plaintiff, that it must be presumed or inferred, from the facts agreed, that Kimball was insolvent when the note was transferred to the plaintiff. But there is no fact from which any such inference can be drawn ; and it is incumbent on the plaintiff to prove, that at the time the note was transferred, or when the demand was made on Kimball, he was not only insolvent, or not able to pay all his debts, but also that he had no property liable to attachment ; otherwise, the defendant was clearly deprived, by the plaintiff's laches of an opportunity to secure himself.

*Judgment for the defendant.*