Mr. Chief Justice Sharkey
delivered the opinion of th,e court.
This suit was brought on a promissory note, signed Joseph S. Ellison and Ozias Osburne, payable to the plaintiffs. Thomas signed his name across the back of the note, and was sued as joint maker. .The same case was before this court on a former occasion, (5 S. & M. 627,) where.it was brought up by Thomas to reverse the judgment against him, in which he succeeded. Now it is brought up by the plaintiffs, who failed in the second trial. By the former decision, ‘it was settled that the note itself, unexplained by other evidence, was hot sufficient to justify a recovery under a single count in the declaration, charging Thomas as joint maker; because the nature of the transaction could not be understood by the court or jury, without explanatory evidence to show its true character. The plaintiffs failed, then, for want of that explanatory evidence. In the absence of such proof, it seems that, as a general rule, one who signs his name across the back of a note, is to be regarded in the light of an indorser.
When the cause was remanded, the plaintiffs amended their declaration by adding the money counts, and then, on the trial, introduced other evidence, besides the note.
A bill of discovery was filed, which charges that Thomas was indebted to the plaintiffs on a mercantile account to the amount of $1100, and on being applied to for a settlement of the account, he stated that Ellison and Osburne were indebted to him in the sum of $591, and proposed to procure their note *621 for that amount, in part payment of his account. This proposition was refused, but plaintiffs agreed to take the joint note of Ellison and Osburne and Thomas. A few days afterwards Thomas presented the note sued on, which was then signed by Ellison and Osburne only. The plaintiffs refused to receive it unless Thomas would sign it. This he proceeded to do, but remarked, as there was not room for his name below the other signatures, he would put his name on the back, which he did, saying he supposed that would do as well.
Thomas admits, in his answer, the transaction as stated in the bill of discovery, except that he had no recollection of having agreed to become joint maker of the note, or of the conversation which was said to have occurred when he delivered it, though he admits that he signed his name on the back of the note.. Now it is very clear, under the former decision, if the allegation in the bill of- discovery was true, the plaintiffs had a right to recover. It is precisely such a state of case as was held to be necessary. Whether the allegation was made out, was a question for the jury. It was for them to say whether- Thomas was in reality a joint maker. To establish that fact, they had the admission of Thomas of the truth of the transaction, as stated in the bill of discovery, except in one particular. The note was before them with Thomas’s name on the back; it was payable to Jennings & Drone. It was evidently taken for the purpose of handing it over to them, according to the original agreement. By putting his name on it, he intended to become bound in some way. If he had intended merely to indorse the note, it .should have been taken payable to him. All these circumstances were proper for the consideration of the jury, and if they had found in his favor under proper instructions, their verdict would have been satisfactory. But the court instructed the jury, “ that the evidence does not tend to show any liability of Daniel Thomas as maker of the note sued on, and they ought to find for the defendant.” This was charging on the weight of evidence. It could be justified only on the ground, that the plaintiffs could not legally introduce proof that Thomas was maker, and that point was already decided. The *622 evidence had been permitted to go to the jury without objection, and what it tended to show was for them to say. The court may judge of the competency of proof by its tendency, but in this instance its competency had not been questioned; indeed, it had been virtually established by the previous decision. If the evidence tended to show any thing, it was that he had signed as joint maker. On the former trial no evidence was introduced but the note. The court was then asked to instruct the jury, “ that the evidence given was not sufficient to support the action against him, and in the absence of other proof they ought to presume his name was put on the back of the note as indorser, and not as joint maker.” For the refusal to give this charge the judgment was reversed. But the charge as asked admits, and this court decided, that by other proof the fact might be established, that he did sign his name as joint maker. Now, that “other proof” has been introduced. It may be insufficient, but it is legal proof. We cannot concur with counsel that parol proof was inadmissible. There was no effort to vary the terms of the contract as expressed on the face of the note. Thomas had evidently contracted, but whether as maker, or indorser, or guarantor, was not certain. There was an ambiguity, and parol proof was competent to explain it. In the case of Dean v. Hall, 17 Wend. 214, it was said the nature of the liability was to be determined by the understanding of the parties. That understanding was of course considered the subject of explanation by parol proof. See 3 Phil. Ev. 1388, 1473, 1476. If, then, the court intended to say the evidence did not legally tend to show Thomas’s liability as maker, it mistook the law. If, on the other hand, it intended to say, in point of fact, it did not tend to establish his liability, that was a question for the jury.
Besides the proof contained in Thomas’s answer, the plaintiffs introduced proof of demand, and notice to Thomas of nonpayment, with a view to hold him liable as indorser; but this was excluded from the consideration of the jury, on the ground, that it was inadmissible under the pleadings, there being no special count charging him as indorser, and no bill of particu *623 lars. Without explanatory evidence, we do not see how Thomas could be charged as indorser by the payees. If he was indorser, the special contract ought to have been shown. Yet, on the former trial, his counsel asked the court to charge the jury, that they ought to presume his name was put on the back of the note as indorser. In our former decision we did not say this part of the charge ought to have been given; we only said he could not be held liable as joint maker, without further proof than such as was furnished by the note. The court, however, was right in this particular, for although the indorsee may give the note in evidence under the common counts, as against his immediate indorser, yet, if there be no special count, there ought to be a bill of particulars under the statute.
Judgment reversed, and cause remanded.