FIELDING DAVIS *v.* GEORGE LEE.

It is well settled, that a party signing his name to a blank bill or note, either as drawer, maker, or indorser, and delivering it to another, thereby gives that person authority to fill it up in any manner that he pleases, not inconsistent with the character of such paper; and a party taking it without notice will be protected.

The same rule governs if the paper is signed in blank in any material respect, whether as maker or indorser; and if any thing is necessary to be done in order to give validity to the paper, the blank signature carries with it authority to the holder to render it perfect and effectual. *Held*, as to the rights of parties taking the paper without notice, if loss occurs, that he who has been the cause of the loss must bear it.

In such a case, the blank signature is a general letter of credit, which authorizes the party to whom it is intrusted to fill it up as he may choose, not inconsistent with the purpose for which it was signed.

*Jennings* v. *Thomas*, 13 S. & M. 617, cited and explained by the court, and declared not applicable to this case.

IN error from the circuit court of Wilkinson county; Hon. W. P. Harris, judge.

The facts are contained in the opinion of the court.

*Potter* and *Boyd* for appellant.

Davis *v.* Lee.

If Lee claims title through Davis, he is liable to every defence, for the indorsement is in blank, and he is the immediate indorsee of Davis. 4 Hal. 144; Story, Notes, § 138.

The intent of the party is to govern. That measures his obligation, and such intent may be shown by parol. 14 Verm. 228; 11 Conn. 213, 389, 440; 4 Pick. 312, n. 1; 2 Conn. (2d series) 382; 1 Ib. 317; 4 Pick. 386; 3 Scam. 497; 1 Nott & McCord, 128; 17 Wend. 214.

The law implies knowledge of a fact of which a party might be informed by due diligence. 1 Cow. 622.

Where blank notes are indorsed, &c., a holder with notice cannot recover. 4 Halst. 144; Bailey on Bills, 145; 1 S. & M. 20.

If a bill is payable to the order of a person, such person must appear on the first indorsement thereof. Chitty on Bills, (8 Am. Ed.) 253; 1 East, R. 432.

Any person taking a note indorsed thus, "*without recourse to me,*" with notice of such qualification in the indorsement, it must be considered as engaging not to sue the indorser, and the engagement is binding. Chitty on Bills, 261, note f.; *Pike* v. *Street*, Moody & Malk. 266.

Starke was not the agent of Davis in this transaction, but Smith was the agent of Davis and Starke, and, therefore, he was the agent of Davis, and Smith was also the agent of Starke in taking the note.

If an indorsee or holder take a bill or note, subject to an agreement not to sue the indorser, he is precluded from so doing. Chitty on Bills, 261, 265; *Pike* v. *Street*, Moody & Malk. *supra.*

This was not negotiable commercial paper when received by the plaintiff, because it was not complete when taken.

It could not be known from the paper itself, whether Davis signed it as maker, indorser, or guarantor. *Jennings* v. *Thomas*, 13 S. & M. 617. And Davis's liability depends on the intent with which the plaintiff received it. The note was received with the express understanding that Starke was to be liable as first indorser. The plaintiff Lee is not a *bonâ fide* holder of the note, because it was taken for a precedent debt.

*Gordon* and *Posey* on the same side.

*H. F. Simrall* for appellee.

It certainly was known by Davis that this note was to be negotiated; he had indorsed for Smith's credit and accommodation; and in that shape the note is sent to Starke for negotiation. Starke had already negotiated with Lee to pass him just such a note; not a note upon which Starke also was to become bound; and in order to make a legal negotiation, Starke puts his name first on the back of the note. Now, if there was this understanding between Smith and Davis about how Starke should indorse, how can Davis make that available against Lee? Lee is an innocent holder, without notice of the terms between Smith and Davis; and, so far from there being any circumstances surrounding the matter calculated to awaken his suspicions, or to put him on inquiry, he knew in advance precisely what kind of a note he was willing to take, and had agreed to take. He took the note, with the parties bound, as he had agreed; and cannot be affected with any agreement and promise made by Smith to Davis, of which he had no notice or knowledge.

If there was an agreement with Starke, or if Starke was privy to an understanding with Davis and Smith, that Davis indorsed upon the condition that Starke should be first indorser, there might be foundation for the argument, that a fraud had been practised upon Davis by the other parties.

But without Starke's privity to, or participation in, such agreement, Davis cannot set it up. *Dunn* v. *Smith*, 12 S. & M. 603.

*Graves et al.* v. *Tucker*, 10 S. & M. 21, 22, decides that the creditor or payee must know of and sanction such agreement, otherwise it cannot discharge or release the party.

One who signs a note in blank for negotiation, even with an understanding as to the amount for which it shall be filled up, or to be passed to a particular person, and for a special object, is nevertheless bound, if that note gets into the hands of a holder ignorant of these agreements. *Good* v. *Hart*, 8 S. & M. 787.

But it is also argued, that Lee is not a holder for value, and is affected with all the equities between Davis and Smith, and notice of their understanding, &c. &c. Lee is not a holder for value, it is said, because he took the note from Stark on a "settlement," which means a prior debt, due from Starke to Lee. Admit it, and what is the law? "Preëxisting debt does constitute a valuable consideration in the transfer of negotiable paper." *Fellows et al.* v. *Harris,* 12 S. & M. 466–468, following the supreme court of United States, in *Swift* v. *Tyson,* 16 Peters, 16, 17, 19.

Lee was then the holder of the note for a valuable consideration, and both he and Starke, so far as the proof shows, were ignorant of any pledge or representation made by Smith to Davis, "that Starke should be, or would be, first indorser."

Mr. Justice HANDY delivered the opinion of the court.

This was an action of assumpsit brought by the defendant in error against the plaintiff in error, as the indorser of a promissory note, under the following state of facts.

T. O. Starke, being the holder of a note of the same amount and maturity as the note sued on, made by Smith, and payable to and indorsed by Davis, offered it to Lee in a settlement between them. Lee agreed to receive the note, but requested that it might be so changed as to be made payable in the city of New Orleans. Starke forwarded the note to Smith, for the purpose of having it so changed, or another to be made of the same tenor, except as to the place of payment. Smith returned the note sued on, signed by Smith as maker, but Starke being the payee instead of Davis, and Davis's name written across the back as indorser, payable in New Orleans, and in all other respects like the original note. In this condition, Starke offered the note to Lee, and told him that Davis was the first indorser on the original note, and it was intended that he should continue to be such, and that the note was intended to be taken without liability on Starke's part; and thereupon, at the time the note sued on was transferred to Lee, it being then payable to Starke as payee, and indorsed in blank by Davis, Starke indorsed his name over that of Davis, thus: "without recourse on me, T. O.

Starke;" and thus it was handed to Lee. It was proved further, in behalf of Davis, that he indorsed the note solely for Smith's accommodation, and that it was expressly understood at the time between Smith and Davis, that it should be indorsed by Starke, to whom it was made payable, so that Davis should be protected by the prior indorsement of Starke; that Starke was not present at the time, and the note sued on was transmitted by Smith to him at New Orleans.

The verdict and judgment being for the plaintiff below, the defendant has brought the case to this court by writ of error.

The rights of the parties in this case depend upon this question: In the condition in which this note was at the time it was offered by Starke to Lee, was Lee justifiable in taking such an indorsement of it by Starke, as that Davis would not be protected by the prior indorsement of Starke, and was Lee bound to inquire as to the condition upon which Davis became indorser?

It is now too well settled to admit of question, that a party signing his name to a blank bill or note, either as drawer, maker, or indorser, and delivering it to another, thereby gives that person authority to fill it up in any manner he pleases, not inconsistent with the character of such paper as the writing imports; and that a party taking it without notice will be protected. This rule has been held in a variety of cases; sometimes where the paper was in blank as to date or amount or time of payment, and sometimes where the name was written on paper entirely blank. *Russel* v. *Langstaffe*, Dougl. 514; *Violet* v. *Patton*, 5 Cranch, 142; 2 Maule & Selw. 90; 7 Cow. 337; 17 Wend. 214; 1 S. & M. 20; 8 Ib. 747; 4 Mass. 45.

The principle running through all the cases is, that where a party signs blank paper, he makes the holder his agent, as upon a general letter of credit, to fill up the paper as he thinks proper. If it is signed in blank in any material respect, whether as maker or indorser, it makes no difference. The principle seems to be, that if any thing is necessary to be done in order to give validity to the paper, the blank signature carries with it authority to the holder, to render it perfect and effectual. If that act can be done in several ways, the blank signature gives to the

bearer the authority to use his discretion, so far as the rights of parties taking it without notice are concerned; and if a loss occurs the familiar principle applies, that where one of two innocent parties must suffer, he who has been the cause of the loss must bear it.

Applying these principles to the present case, we perceive that Starke brought paper to Lee, signed in blank by Davis, as indorser. Something was necessary to give effect to Davis's blank indorsement. It must be indorsed by Starke. It must be presumed that Davis intended that to be done. Commercial usage allowed it to be done, either generally or specially. Starke stated that he was not to be bound. He held the unlimited power of Davis's blank indorsement in his hands, and Lee was justified in believing that the indorsement was, in fact, what the law said it was, an unlimited authority to the party to whom it was intrusted by Davis. He was not bound by any private understanding between the parties, of which he had not notice; nor was he held to inquiry, but might act upon the presumption, that the party signing had given authority to do the act, without which the paper could not have legal effect, and in the manner in which the necessary prior party might choose. Chitt. Bills, 33; 1 S. & M. 17.

It is urged by counsel for the plaintiff in error, that the paper was not in negotiable form without Starke's prior indorsement; and, therefore, that Lee must be deemed a holder, with notice of its infirmity. This is a very old objection. It was urged in *Russel* v. *Langstaffe*, and Lord Mansfield answered it by declaring the principle which lies at the foundation of all such contracts, that the blank signature was a general letter of credit, which authorized the party to whom it was intrusted to fill it up as he chose. This case is not so strong as that, or the case of *Violet* v. *Patton*, which were indorsements of paper entirely blank. The difference is simply that between paper entirely blank and partly blank, in both of which the authority to supply material deficiencies is necessarily implied, for otherwise the paper could have no effect.

It is no objection, that this note was given in settlement of a preexisting debt. *Swift* v. *Tyson*, 16 Pet. 1.

The case of *Jennings* v. *Thomas*, 13 S. & M., has been urged as controlling this case. But we cannot see its application. That was a contest between the immediate parties to the transaction, and the question was, what was the understanding between the immediate parties themselves. It was a question between Thomas and Jennings and Drone, as to what was their understanding and object when the note was received from Thomas, and when his name was placed upon it. Their rights were governed by what their understanding and design at the time were. But the question here is, not what was the object of Smith and Davis and Starke, but whether Lee, a stranger, who did not participate in it, and is not shown to have known it, is to be charged with their private agreements.

Considering the principles governing this case as well settled by authority in favor of the defendant in error, the judgment is affirmed.