## W. McD. MEGGETT, USE, ETC. v. J. F. BAUM.

1. BILL OF EXCHANGE. *Failure to indorse. Suit in payee's name.*
   A purchaser for value, without indorsement, of a bill of exchange, payable to order, can sue thereon in the name of the payee.

2. SAME. *Accommodation acceptor's liability.*
   The acceptor in such case is liable, although his acceptance was merely for the accommodation of the drawer.

3. SAME. *Release of acceptor. Forbearance. Extrinsic evidence.*
   But he can prove that, being a surety, he is released by a contract of forbearance to the drawer, made by the purchaser with knowledge of the fact.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

Assumpsit in the name of W. McD. Meggett, for the use of James Murray, against J. F. Baum, on his acceptance of the following bill of exchange:

"$500.                                    VICKSBURG, Dec. 11, 1876.

"Twenty days after date, pay to the order of myself, five hundred dollars, value received, and charge the same to account of

                                          "W. McD. MEGGETT.

"To J. F. BAUM, Esq.,
"Vicksburg, Miss."

Baum pleaded that he accepted, without consideration, for Meggett's accommodation, and also that he was released by an agreement, made after maturity of the bill between Murray and Meggett, to give the latter, for value received, a year's extension, during which time he became insolvent. Demurrers to the pleas were overruled; and, the instructions supporting the pleas, the verdict and judgment were for the defendant.

*L. W. Magruder*, for the plaintiff in error.

1. The acceptance sued on became vitalized by the sale to Murray. *Hall* v. *Wilson*, 16 Barb. 548; *Hall* v. *Earnest*, 36 Barb. 585; *Marvin* v. *M'Cullum*, 20 Johns. 288. The equitable assignee must sue in the name of the legal holder, but that is no reason why his rights should be abridged. *Gibson* v. *Cooke*, 20 Pick. 15. The rights of an assignee of unindorsed paper cannot be restricted to a narrower limit than that of a purchaser of dishonored paper, or than that imposed by our statute upon every assignee. 1 Parsons on Notes and Bills, 183; Red. & Big. Lead. Cas. on Bills and Notes, 216, 217; *Grant* v. *Ellicott*, 7 Wend. 227; *Thompson* v. *Shepherd*, 12 Met. 311; 1 Daniel on Neg. Inst. §§ 726, 790; *Lancaster Bank* v. *Taylor*, 100 Mass. 18; Byles on Bills, 2; *Kimball* v. *Huntington*, 10 Wend. 675; *Welch* v. *Mandeville*, 1 Wheat. 233; *Carpenter* v. *Marnell*, 3 Bos. & Pul. 40; *Wheeler* v. *Wheeler*, 9 Cowen, 34; *Littlefield* v. *Storey*, 3 Johns. 425; *Winch* v. *Keeley*, 1 T. R. 619, *Peters* v. *Soame*, 2 Vern. 428; *Parker* v. *Kelly*, 10 S. & M. 184.

2. Acceptors assume the character of principals by express contract; and, as to them, it is not competent to prove that they are sureties, and so released by giving time to the drawer. *Farmers' Bank* v. *Rathbone*, 26 Vt. 19. This is now established by the decided weight of authority, both English and American. Story on Promissory Notes, § 418. Other Amer-

ican cases approving the doctrine are : *Bank of Montgomery County* v. *Walker*, 9 S. & R. 229 ; s. c. 12 S. & R. 382 ; *White* v. *Hopkins*, 3 W. & S. 99 ; *Lewis* v. *Hanchman*, 2 Barr, 416 ; *Murray* v. *Judah*, 6 Cowen, 484 ; *Clopper* v. *Union Bank*, 7 Har. & J. 92 ; *Yates* v. *Donaldson*, 5 Md. 389 ; *Lambert* v. *Sandford*, 2 Blackf. 137 ; *Hansbrough* v. *Gray*, 3 Gratt. 356 ; *Cronise* v. *Kellogg*, 20 Ill. 11 ; *Diversy* v. *Moor*, 22 Ill. 330. All these cases are authority for the position that, even if the holder knew at the time he received the bill that it was accepted for accommodation, his rights and duties are in no respect altered, and no release of an indorser or drawer will discharge the acceptor. Equally emphatic and to the same effect is the more recent case of *Marsh* v. *Low*, 55 Ind. 271. See also 2 Daniel on Neg. Inst. § 1334 ; 1 Parsons on Notes and Bills, 335, note.

*H. F. Cook*, on the same side.

1. All the requisites were complied with to establish the commercial character of the paper, except Meggett's indorsement. Parties who sign commercial paper for accommodation hold themselves out to the public as offering to become bound to any one who takes the same for value. 1 Daniel on Neg. Inst. § 186. The fact that the failure to indorse the draft was accidental negatives the presumption of intention, and rebuts the implication of notice. Baum's object in accepting the paper was to give Meggett the use of his name to raise money. Byles on Bills, 155, 156. And he cannot, as against Murray, plead its accommodation character. *Harrison* v. *Pike*, 48 Miss. 46. The assignee has the right to use the name of the legal holder. *Hathcock* v. *Owen*, 44 Miss. 799 ; *Eckford* v. *Hogan*, 44 Miss. 398. The nominal plaintiff is not a party to the suit, but can testify as a witness. *Blundell* v. *Vaughan*, 12 S. & M. 625 ; *Coopwood* v. *Foster*, 12 S. & M 718 ; *Booyer* v. *Hodges*, 45 Miss. 78. When one of two persons must suffer by the act of a third, he must sustain the loss who has enabled the third person to occasion it. 1 Daniel on Neg. Inst. § 752.

2. Where a party's suretyship does not appear on the paper, a holder for value without notice is not affected thereby. *Smith* v. *Clopton*, 48 Miss. 66. The forbearance to the prin-

cipal must be for a definite period. *Brown* v. *Prophit*, 53 Miss. 649. Payment of interest due is not a sufficient consideration. *Board of Police* v. *Covington*, 26 Miss. 470. The creditor does not release the surety by mere passiveness ; but, to discharge him, a contract must be made which precludes the creditor from suing. *Johnson* v. *Planters' Bank*, 4 S. & M. 165.

*M. Marshall*, for the defendant in error.

1. The usee, although the real plaintiff, asserts only such right as the nominal party has ; and the defence of want of consideration is good, as well against the former as the latter. 1 Parsons on Notes and Bills, 184.

2. Baum, being really a surety, was released by the contract of forbearance by Murray with the principal, Meggett, whereby, owing to the latter's subsequent insolvency, Baum lost his source of reimbursement. He can show by parol that he was only a surety ; and, when that is once established, the same rules govern in his case as in that of any other surety.

*Miller & Hirsh*, on the same side.

1. It is manifest that Meggett had no right of action against Baum ; and the court below therefore rightly held that Murray could not maintain an action in his name. The holder, without indorsement, of a bill payable to order, takes it subject to the equities between the original parties. 1 Daniel on Neg. Inst. §§ 664, 742 ; *Allein* v. *Agricultural Bank*, 3 S. & M. 48. Courts sit neither to make contracts for parties, nor to afford them relief against the consequences of their own negligence.

2. An accommodation acceptor is entitled to the benefit of the general rule, that a creditor who knowingly prejudices the surety's rights by granting time to the principal will be precluded from enforcing the contract against him. The relation of principal and surety does not depend on the form of the contract, but the surety's equity may be shown, although the contract is under seal, with nothing on its face to indicate the relation. 2 White & Tudor's Lead. Eq. Cas. 1914, 1917 ; *Smith* v. *Clopton*, 48 Miss. 66 ; *Brown* v. *Prophit*, 53 Miss. 649. The doctrine that the surety is released is supported by strong authority. *Lazarus* v. *Cowie*, 3 Q. B. 459 ; *Parks* v. *Ingram*, 2 Foster, 283 ; *Adle* v. *Metoyer*, 1 La. An. 254 ; *Tin-*

*son* v. *Francis*, 1 Camp. 19 ; *Brown* v. *Davies*, 3 T. R. 80 ; *Boehm* v. *Sterling*, 7 T. R. 423 ; *Hoffman* v. *Foster*, 43 Penn. St. 137 ; *Bower* v. *Hastings*, 36 Penn. St. 285 ; *Battle* v. *Weems*, 44 Ala. 105 ; *Chester* v. *Dorr*, 41 N. Y. 279 ; *Coghlin* v. *May*, 17 Cal. 515 ; *Daggett* v. *Whiting*, 35 Conn. 366 ; *Valley National Bank* v. *Meyers*, 17 N. B. R. 257. This court, unfettered by precedent, will sanction a doctrine in harmony with reason and equity, and the spirit of our anti-commercial statute.

CAMPBELL, J., delivered the opinion of the court.

The bill having been accepted by Baum for the accommodation of Meggett, and to enable him to raise money by negotiating it, the transfer of the bill by Meggett to Murray, for value, invested Murray with the beneficial ownership of it, and entitled him to maintain an action in the name of Meggett for his use against Baum. There is no want of consideration available to Baum ; for the value paid by Murray to Meggett for the paper supports the acceptance. It was for that it was made ; viz., to enable Meggett to get money. He got it ; and it does not absolve Baum from his acceptance that Meggett, when he delivered the paper to Murray for its price paid, did not indorse it. The negotiation effected its object, and the rights and liabilities of parties were fixed by the transaction. Murray became entitled to look to Baum for payment, and Baum was bound to pay according to his acceptance, and would thereby be entitled to his action against Meggett.

The doctrine that the holder without indorsement of commercial paper, which requires indorsement to pass the legal title, stands in the shoes of the payee, has no application to the facts of this case. Under our statute, entitling parties to the same defences against paper in the hands of remote holders as were available against the payee, the indorsement of the bill of exchange would not have precluded any defence which is available against the bill unindorsed. In other words, indorsement would have made no difference as to the liability of the acceptor ; and to permit him to avail himself of the fact that his acceptance was without consideration would be to declare that one cannot be held liable by his undertaking for

the accommodation of another. One who accepts for the accommodation of another, and thereby procures a benefit to such other, cannot refuse to meet his obligation to him who conferred such benefit because of want of consideration. Sect. 2228 of the Code does not embrace accommodation paper, which creates no obligation until some one parts with value for it, according to the purpose for which it is made, whereby it becomes operative. The negotiation of it, according to the intent of the parties, infuses life into it, and precludes the defence of want of consideration.

The question whether an accommodation acceptor of a bill of exchange will be discharged by the act of the creditor in giving time to the drawer, with knowledge of the fact that the acceptance was for accommodation, is left by the authorities in great uncertainty. It has been hitherto undecided in this State. It is the established doctrine in this State that one of several makers of a promissory note, or a writing obligatory, is not precluded by the fact that he appears on the instrument to be a principal, and primarily bound, from averring and proving that he is a surety, and entitled to be discharged by the act of the creditor in so dealing with the principal as to discharge him as a surety ; and this is the constant practice in courts of law. It is in harmony with this to hold that the acceptor for the accommodation of the drawer sustains the relation of surety to him, and is entitled to all the rights of one occupying that position in any case. We can find no substantial reason for a distinction between co-makers of a promissory note, one of whom is a surety, and an accommodation acceptor. Both have assumed by their signatures a primary obligation. Both have made themselves principals. In the case of co-makers or co-obligors, one may show that while, by the form in which he bound himself, he is a principal, in truth, he is but a surety. The same reason exists for permitting an accommodation acceptor to show his suretyship for the drawer. The holder of the paper, having no knowledge except that imparted by it, may regard the parties to it as bound accordingly ; but, if he has knowledge of the actual relations between the parties, he has no greater right, in the one case than in the other, to deal with the real principal in such way as to discharge the surety.

The reason on which courts hold that the act of the creditor, in making a valid contract for forbearance with the principal, discharges the surety, applies as well in favor of an accommodation acceptor as in favor of a co-maker or co-obligor. The obligation upon the creditor to do nothing knowingly to the prejudice of the right of the surety is as applicable to the one case as to the other. It is the knowledge of the creditor that the several parties sustain to each other the relation of principal and surety which makes it inequitable for him to so act towards the principal as to vary the rights of the real surety. It is, therefore, not the form of the instrument by which parties have bound themselves, but the fact that one is principal and the other surety, as between themselves, and that this is known to the creditor.

*Reversed and remanded.*