## J. D. HAWKINS ET AL. v. W. H. NEAL ET AL.

PROMISSORY NOTE. *Consideration. Innocent purchaser.*
A person who makes his negotiable note and gives it to another to raise money on, is bound by the note to a third person who takes it for value; and, in this respect, there is no difference between a promissory note and a bill of exchange. *Meggett* v. *Baum*, 57 Miss 22.

APPEAL from the Circuit Court of Chickasaw County.
Hon. J. W. BUCHANAN, Judge.

This was an action of *assumpsit* upon a promissory note executed by W. H. Neal to the order of W. E. Berry, and assigned by the latter, for valuable consideration, to the appellants. Neal pleaded the general issue, and gave notice that the note sued on was made only for the accommodation of his codefendant, Berry, and that he received no consideration whatever therefor. The evidence is stated in the opinion of the court. Verdict was given for the defendants.

*McIntosh & Williams*, for the appellants.

The principle announced in the case of *Meggett* v. *Baum*, 57 Miss. 22, is decisive of this case. This doctrine applies to promissory notes as well as to bills of exchange. Story on Prom. Notes, sect. 4. The case of *Hughes* v. *Thweatt*, 57 Miss. 377, is not in conflict with this principle. A formal plea that a note is without consideration is good on demurrer; but the purchase of negotiable accommodation paper on the market constitutes a consideration.

*A. Y. Harper*, for the appellees.

This case is clearly distinguishable from the case of *Meggett* v. *Baum*, 57 Miss. 22. That was where the accommodation acceptor or indorser (as the case may be) gave the paper a commercial character. It is similar to the case of *Hughes* v. *Thweatt*, 57 Miss. 377, which is directly in point. This note is not negotiable. Its being payable to order shows that there was no purpose to have it negotiated. It was a promise, not

to whoever might be the bearer, but to a particular person, and its want of consideration could therefore be shown.

CAMPBELL, C. J., delivered the opinion of the court.

The testimony of defendant Neal should have been excluded, as having no tendency to support his defence that the note was without consideration, and the testimony of Boyd should not have been excluded, for it tended strongly to prove affirmatively the unfounded pretence of the defence of want of consideration. Neal's testimony is that he gave the note as matter of accommodation to Berry, who it appears negotiated it, and the state of the case made probable by Boyd's testimony is that Neal made two notes payable to the order of Berry, who, as was the purpose of both parties, negotiated them, and himself kept the money obtained on one, and gave to Neal that derived from the other, and as it was on the other of the two notes, and not that here sued on, that the money received by Neal was procured, it is claimed that this note is as to him without consideration.

If the note was made by Neal and given to Berry to raise money on, and he did so, it matters not what was the assurance of Berry that he should never hear of it again, he is bound by the note to him who took it for value. *Meggett* v. *Baum*, 57 Miss. 22.

There is no difference between a bill of exchange and a promissory note in this respect. It is not the form of the paper in either case which makes the maker liable, but the fact that he has procured a benefit to the party accommodated or caused loss, injury, or inconvenience to the party who parts with value on the faith of the paper.

Judgment reversed, and cause remanded for a new trial.