ELIZABETH C. GILLESPIE, ADMINISTRATRIX, *v.* PLANTERS' OIL MILL AND MANUFACTURING CO.

1. BILLS OF EXCHANGE. *Acceptor. Protest.*

   Protest of a bill of exchange is unnecessary to hold an acceptor liable.

2. SAME. *Innocent holder. Presumption.*

   The holder of a bill of exchange, payable to drawer and by him indorsed in blank, is *prima facie* a *bona fide* holder for value.

3. CORPORATIONS. *Misnomer. Pleading.*

   Any step in a cause by a corporation defendant identifying itself as the corporation sued, precludes the defense of misnomer, which can be availed of only by plea in abatement.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The suit was begun by appellant's intestate, who was the plaintiff in the court below. Upon his death the cause was revived in the name of E. C. Gillespie, administratrix. The ap-

pellee, the Planters' Oil Mill and Manufacturing Co., was defendant in the circuit court. The facts are stated in the opinion of the court.

*Coleman & McClurg,* for appellants.

It was unnecessary to protest the bill sued on. It was a time draft drawn by Drennan on the defendant in his own favor and by him presented to and accepted by the defendant in writing across the face thereof and delivered to Gillespie. It was nothing more than the defendant's promissory note made payable to Drennan or bearer. Drennan was not sued, and the question of proper protest and certificate thereof had no place in the proceedings. The defendant filed no special plea sworn to denying the making of the acceptance, and his three special pleas were demurrable; no evidence was admissible under them, because it was not within our anti-commercial laws, and he could not make the defense against Gillespie indicated by the tenor of the pleas that it had against Drennan.

Therefore when the plaintiff introduced and read in evidence the instrument sued on, if it should be confessed that she failed to show proper protest, she was entitled to a verdict. The instrument proved itself and fastened liability on the defendant, and the plaintiff's peremptory charge should have been given. *Wanita Woolen Mills* v. *Rollins,* 75 Miss., 253; *Holmes* v. *Preston,* 71 Miss., 541; *Dibrell* v. *Dandridge,* 51 Miss., 55; *Bank of Winona* v. *Wofford,* 71 Miss., 711; *Banking Co.* v. *Sweetzer,* 73 Miss., 96; 2 Dan. Neg. Inst. (4th ed.), section 1191.

The defendant's counsel intimated that there was a variance between the charges in the declaration and the proof as to the character or name of the defendant. That contention, we are confident, will not be insisted upon; it is child's play. If it were meritorious the special plea of *non est factum* is appellee's escape and not the general issue; besides, the special pleas filed are all in the nature of pleas in confession and avoidance, and

will be regarded as parts of the whole record, as the case is now presented.    Byles on Bills, secs. 193–199.

*Rush & Gardner*, for appellee.

The name of the defendant as sued nowhere appears on the written instrument, and, consequently, defendant was not required to deny under oath that it was his or its instrument; and where, as here, the name of the drawee is not the name of defendant, defendant was not required, under § 1797, code 1892, to deny on oath its identity with the drawee.    No one but the drawee in the draft could accept it.    In order, therefore, to determine who can accept, it must be ascertained who the drawee is.    It must be remembered that the drawee in the instrument sued on is not the Planters' Oil Mill & Manufacturing Company, and we think no presumptions can be indulged to the prejudice of the appellee to help out the lack of proof on the part of plaintiff, for it cannot be said without some proof that the Planters' Oil & Manufacturing Company is the same identical corporation as the Planters' Oil Mill & Manufacturing Company.

TERRAL, J., delivered the opinion of the court.

Wm. A. Drennan, Jr., executed and negotiated his domestic bill of exchange of the following tenor:

"$500.                    GREENWOOD, Miss., Jan. 23, 1893.

"April 23, 1893, pay to the order of myself, five hundred dollars, at Delta Bank, Greenwood, Miss., value received, and charge the same to account of        WM. A. DRENNAN, JR.

"To Planters' Oil & Manufacturing Company, Greenwood, Miss."

Indorsed, Wm. A. Drennan, Jr.    Across the face of the paper was written, "Accepted.    T. Staige Marye, secretary," etc.

This paper came into the hands of W. M. Gillespie, who brought suit thereon against the Planters' Oil Mill & Manu-

facturing Company.    The declaration alleged presentment, protest, and notice.

The defendant pleaded: (1) General issue; (2) payment; (3) that the bill of exchange was given to Gillespie as collateral security for a debt; and (4) want of consideration.    These pleas were traversed by E. C. Gillespie, administratrix, and the case went to the jury.    Upon the trial the plaintiff read in evidence the bill of exchange sued on, and also offered in evidence a copy of the protest of said bill of exchange, which was not sworn to, and which was excluded.    The plaintiff then introduced Bew, the officer who made the protest, and offered to prove by him the protest of the paper, and his evidence was excluded.

Thereupon the plaintiff amended her declaration by striking out of it the allegations of presentment, protest and notice. Each party requested a peremptory instruction; the defendant's was given, the plaintiff's was refused.

1. Upon the case made before the court the plaintiff was entitled to recover.    It was not necessary for this bill of exchange to have been protested as to the defendant, the acceptor.

Judge Campbell, in *Meggett* v. *Baum*, 57 Miss., 27, said: "We can find no substantial reason for a distinction between co-makers of a promissory note one of whom is a surety, and an accommodation acceptor.    Both have assumed by their signatures a promissory obligation.    Both have made themselves principals."    The same principle is recognized by other authorities.    2 Am. & Eng. Enc. L., 378; 1 Daniel on Neg. Inst., sec. 532.

2. It is said, however, that the plaintiff was not shown to have been entitled to recover, because there was no proof that the defendant, the Planters' Oil Mill & Manufacturing Company, is the same person as the Planters' Oil & Manufacturing Company.    This point cannot be sustained; the defendant has precluded itself from raising this objection by its course of pleading.    "A misnomer can be taken advantage of only by a

plea in abatement; any step in the cause recognizing the identity of the corporation sued with the corporation defending precludes the defendant defending on the ground of misnomer.'' *Railroad Co.* v. *Reedman*, 11 Lea (Tenn.), 205; 2 Beach on Private Corp., sec. 864. ''The name of a corporation frequently consists of several words, and an omission or alteration of some of them is not material.'' Angell & Ames on Corp:, sec. 99.

3. It is also said that there was no proof that plaintiff's intestate was an innocent holder for value before the maturity of the paper. *Prima facie* the holder of a promissory note, payable to bearer, is presumed to be a holder *bona fide* and for value. *Craig* v. *City of Vicksburg*, 31 Miss., 216. That a note payable to drawer and indorsed by him in blank stands upon the same footing and is governed by the same rules as a note payable to bearer, is announced by the distinguished judge first above quoted in *Bank* v. *Wofford*, 71 Miss., 712.

*Reversed and remanded.*