## UNIVERSAL CREDIT CO. v. THOMAS.

(Division B. April 16, 1934.)

[154 So. 272. No. 31183.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

H. D. Young, of New Augusta, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee on a conditional sales contract, containing serial notes, to recover four hundred fifteen dollars and fifty-two cents, with interest, which notes purported to evidence the balance due on a Ford automobile sold to appellee by the Thompson Motor Company. The trial resulted in a verdict and judgment for appellee, from which judgment appellant prosecutes this appeal.

The Thompson Motor Company was engaged in the sale of automobiles. Appellee was employed by the company as one of its salesmen. Appellant's business was that of financing those engaged in the sale of automobiles; it bought their paper, representing balances due by purchasers of automobiles; it bought most, if not all, of such paper of the Thompson Motor Company. Appellant furnished the Thompson Motor Company with printed forms for conditional sales contracts, and serial notes and purchasers' statements. W. K. Thompson was in charge of and managed the affairs of the Thompson Motor Company. Appellee, as one of the company's salesmen, was familiar with the manner in which its deferred payment paper was financed. He knew how the printed forms were filled out. W. K. Thompson, for the motor company, presented one of these conditional sales and serial notes printed forms, and a purchaser's statement to appellee, and requested him to sign them in blank, which he did. None of the blanks in these forms were at the time filled out. Appelleee knew that fact. He testified in his own behalf, and his testimony fairly interpreted shows that he

knew that when he signed the forms in blank Thompson's purpose was to fill in the blanks and sell the paper to the appellant; that when the blanks were filled out the forms would show a purchase by appellee of an automobile from the motor company, a cash payment therefor, and a balance to be paid by him in installments. Appellee had not purchased an automobile from the motor company and had not agreed to do so. There was no consideration, therefore, passing between the motor company and appellee for the execution of the paper.

The conditional sales contract recited that the motor company had sold appellee a Ford automobile for six hundred fifty-four dollars and fifty-two cents, for which he had paid two hundred thirty-nine dollars in cash and agreed to pay the balance in deferred installments. The motor company transferred the paper to appellant, for which appellant paid it the sum of three hundred seventy-six dollars.

Appellee introduced evidence tending to show that when appellant bought this paper it knew that it did not represent a real transaction between appellee and the motor company. In other words, that appellant knew that appellee had not bought a Ford automobile, or any make of automobile, from the motor company, therefore there was no consideration passing between him and the motor company for the execution of the paper sued on. The Thompson Motor Company became insolvent, and its affairs went into a receivership. It was not sued along with appellee.

The main question in the case is whether or not the absence of a consideration passing from the motor company to appellee, which want of consideration was known to appellant when it purchased the paper, relieved appellee from liability, and, as a preliminary to that question, whether appellee's signature to the forms in blank authorized Thompson, the manager of the motor company, to fill out the blanks in the manner in which he did.

One who signs a bill or note or other contract in blank and delivers it to another makes that other his agent, and authorizes him to fill it out in accordance with the understanding between them, whether such understanding be express or implied from the course of dealing between the parties. Hemphill v. Bank of Ala., 6 Smedes & M. 44; Davis v. Lee, 26 Miss. 505, 59 Am. Dec. 267; 2 C. J. 1242, par. 119 C. It is wholly immaterial whether any consideration passed from the motor company to appellee for the execution of the paper. Appellee was not an indorser of the paper, but an accommodation maker. He signed for the purpose of accommodating the motor company—to enable it to sell the paper to appellant for value.

Section 2685, Code 1930 (a section of the Negotiable Instruments Act) is in this language: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The consideration passing between appellant and the motor company was sufficient to bind appellee, an accommodation maker. Hawkins v. Neal, 60 Miss. 256; Meggett v. Baum, 57 Miss. 22; Millsaps v. Bank, 71 Miss. 361, 13 So. 903. In the last case, at page 378 of 71 Miss., 13 So. 903, 908, the court used this language: "There the note was accommodation paper. It was given as such, the maker well knowing at the time that there was no consideration for it as between himself and the payee, intending that it should be negotiable in the absence of such a consideration. It is well settled that paper of this class, well known in the commercial law and in the world of business, is not, in fact, executed until it is delivered to the discounter or purchaser, and that his purchase con-

stitutes the consideration. The cases are not alike, for that reason.''

To illustrate the principle involved: A wants to raise one thousand dollars. He goes to his friend B and informs him of his wish. He asks B to sign a note for one thousand dollars, payable either to A's order or bearer. B complies with his request. B owes A nothing, there is no consideration for the note as between them. A takes the note and transfers it to C, who pays him one thousand dollars therefor, at the time C knows that it is an accommodation note; that there was no consideration for its execution passing between A and B. Under the law, notwithstanding, B is bound. The consideration passing from C to A is sufficient to bind him.

Appellee's contention that appellant should have notified him that it held the paper, and when it was due, is without any merit. Appellee was directly liable, not secondarily liable. No such notice was due him.

Appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for appellant.