First National Bank of Commerce v. Joseph B. Merkel et al.

[53 South. 350.]

1. Promissory Notes. *Bona fide purchaser. Defenses. Estoppel.*

    Where defendant executed a premium note and delivered the same to an insurance agent, with a written statement that he had no "claim or offset" against the note, such statement constituted a representation to a *bona fide* purchaser of the note before maturity that it was a valid obligation, and warranted the purchaser in believing that the consideration had been received, and therefore estopped defendant from setting up as a defense against such purchaser that the policy delivered was not the policy applied for and that defendant declined to accept it.

2. Same. *Same. Material alteration.*

    Where a note, blank as to the rate of interest, was filled by the holder after delivery so as to make the note bear eight per cent. interest from date, the alteration was material and constituted a valid defense, even as against a *bona fide* purchaser without notice.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

The bank, appellant, was plaintiff in the court below; Merkel and another, appellees, were defendants there. From a judgment in defendant Merkel's favor, but against Holmes in plaintiff's favor, plaintiff apppealed to the supreme court. The opinion of the court states the facts of the case

*Stevens, Stevens & Cook,* for appellant.

There are three distinct defenses set up by the appellee, Merkel, to appellant's cause of action. Merkel contends, first, that because he did not receive the exact contract of insurance as applied for, there is a failure of consideration for the note sued on. He contends, secondly, that the insurance agent, Holmes, secured the note through fraud and as a result of such fraud appellant did not receive the contract of insurance applied for, and that he, appellant, delivered a note for which he received nothing in return, so far as value was concerned. He contends thirdly, that the note was materially altered after delivery. The last of these defenses can be dismissed from consideration upon the hearing of this appeal with the statement that a direct issue of fact was raised and presented to the jury as to whether the note had in fact been altered, and therefore, aside from the question as to whether Merkel is not estopped from pleading an alteration as discussed below, it is impossible to determine upon which defense the jury based their verdict. The point was raised in the lower court that inasmuch as Merkel, according to his own testimony, executed and delivered a note upon a blank form used by the bank, with a blank space left in the printed form for the insertion of the time from which the note was to draw interest, that is, whether from date or from maturity, and did not erase or mark out these blanks, he placed it within the power of any holder of the note or any one else simply to complete the filling in of these blanks and cause an innocent purchaser or endorsee

of the note to buy the same with the understanding that the contract was not only an interest bearing one, but a binding legal obligation against the maker. It is the uncontradicted testimony that appellant purchased the note after the rate of interest had been inserted; that appellant had no notice whatever that there had been an alteration of the note. Holmes inserted the interest rate and the words "after date" with the same pen and ink he used in writing the other parts of the note, and there was nothing upon the face of the note to arouse suspicion. The contract as delivered and printed, according to Merkel's own testimony, would have drawn the legal rate of six per centum; and instead of blotting out all provisions for interest, appellant allowed the note to bear interest at the rate of six per centum. We respectfully contend that appellant, upon the issue of alteration was entitled to a peremptory instruction upon the equitable theory that Merkel was guilty of negligence in delivering the note as he says he did and by his own negligence entrapping an innocent purchaser into paying for a note which Merkel now contends can be defeated by a plea of material alteration.

Although the appellee, Merkel, attempted to raise an issue of fraud by his pleadings, yet no fraud whatever was properly pleaded or proved. The written plea setting up fraud was in fact subject to demurrer; it detailed no facts or circumstances showing any fraud in the procurement of the signature of Merkel to the application for insurance or the signing of the note, and upon trial the execution of these writings was admitted. The only shadow of any basis for fraud lies in the verbal statements or representations alleged by Merkel to have been made by Holmes at the very time and place the application for the insurance was signed and delivered. The parties elected to embody in two written applications the usual queries and answers for in applications for life insurance, and a full and detailed description of the kind of life insurance desired. These writings were made exhibits to appellant's replication and were introduced in

evidence. Can they be contradicted, or their express terms varied
by parol? In the absence of evidence showing that Merkel's sig-
nature was obtained to these documents by fraud, it is an ele-
mentary proposition that these applications can not be varied by
parol and the action of the lower court in permitting Merkel to
detail what Holmes said or represented, was palpable error.
The plea of appellee, Merkel, alleged fraud only in general
terms, and the court below conceived the idea that such a gen-
eral plea licensed appellee to offer any oral testimony as to what
was said or done at the time the writings were signed. Appel-
lee admits the signing of the application, and endeavors to ex-
cuse himself on the grounds that he did not read, and therefore
did not understand the nature of the application. Manifestly
the applications for insurance were simply the negotiations of
the parties reduced to writing, and hence it was error for the
lower court to admit evidence to show any verbal representa-
tions affecting a matter which the writing covered fully.

We of course concede the proposition that if there is no con-
sideration for the note, then appellant could not recover, unless
there existed an estoppel against the pleadings by Merkel of
such failure, growing out of the execution and delivery by him
of the written waiver of off-sets. Inasmuch as Merkel executed
and delivered a separate and distinct writing, from the note, ad-
dressed to "whomsoever it concerns" generally asserting that he
had no claim or off-set against the note and thereby induced a
third party innocently to purchase the note, then Merkel is es-
topped afterwards to plead a failure of consideration, which
plea is within the plain language of the word "claims" against
the note, employed in such written waiver. A different rule
would doubtles apply if the maker of the note had attempted to
waive the benefits of our anti-commercial statute (Code 1906
§ 3503) upon the face of the note or even by separate writing at-
tached to and forming a part of the note itself. But in the instant
case, the maker published over his signature a statement to the

business world that his note was genuine, and there were no off-sets or other claims against it. The word "claims," as employed by appellant, Merkel, is sufficiently general to embrace within its plain meaning a claim of want of valuable consideration. Appellant was therefore entitled to the peremptory instruction asked for and refused, insofar as the plea of failure of consideration is concerned.

*Sullivan & Tally,* for appellee.

If the written rate of interest and the words "after date" were inserted in the note after execution and delivery by the appellee, Merkel, and without his knowledge or consent, then this was a material alteration of the note, and the appellant bank cannot recover upon the note, no matter how innocent it may have been in the purchase of the note, notwithstanding the fact that Merkel delivered to Holmes a written statement stating that there were no off-sets at the time of the signing and delivery of the note. If the note did not originally provide for interest, then the fact that Holmes might have altered the note before selling it to the First National Bank of Commerce, does not place the bank in any better attitude than Holmes himself if he were plaintiff instead of the bank. Opposing counsel concede that if there was no consideration for the note, then appellant could not collect unless there existed an estoppel against Merkel's pleading such failure growing out of the execution and delivery by him of the written waiver of off-set.

We submit that if Merkel did not receive the policy of insurance as sold to him by the insurance agent, there was a failure of consideration, and Merkel had a right to refuse the policy and decline to pay the note even though at maturity it was in the hands of the bank, as a legal holder thereof.

There is a vast difference between waiving off-sets and waiving failure of consideration. The bank must have known, when

it purchased a note made payable to order, that it was buying a piece of paper which was subject to all statutory defenses.

SMITH, J., delivered the opinion of the court.

D. B. Holmes, life insurance agent, representing the New York Life Insurance Company, obtained from appellee an application for a life insurance policy. At the time of the making of this application, appellee paid Holmes the sum of five dollars in cash and executed and delivered to him his promissory note, due six months after date, in settlement of the first premium to become due on said policy. Contemporaneously with the execution and delivery of this note, appellee executed and delivered to Holmes a certificate, now lost, that, according to appellee, he had no "offset," and, according to Holmes, the appellant's cashier, that he had no "claim or offset," against said note. This note was purchased by appellant upon the faith of this certificate immediately after its execution. Payment of this note having been declined by appellee, this suit was instituted, and from a judgment in his favor this appeal is taken.

When the insurance policy was delivered, appellee declined to accept it, on the ground that it was not the policy that he had applied for, and this constitutes one of his defenses to appellant's suit. The court erred in submitting this issue to the jury; appellee being estopped from setting up same by reason of the execution by him of the certificate above referred to, and the reliance thereon by appellant in the purchase of the note. It is immaterial whether he certified that he had no "offset," or that he had no "claim or offset," against the note; the effect of either language being the same. Either language constituted a representation that the note was a valid obligation, and warranting appellant in believing that the consideration therefor had been received. In order that innocent purchasers might not be deceived by this certificate, it ought to have disclosed that the consideration for the note had not been received, and its failure to

do so estopped appellee from pleading same.    This certificate is not a waiver of our statute regulating the negotiability of promissory notes, but is a statement of a fact, the existence of which a maker is estopped to deny, when acted upon by an innocent purchaser for value.

Another of appellant's defenses was that the note had been materially and fraudulently altered after its delivery to Holmes. This note was executed by the filling in of the blanks in the usual printed form for notes; the writing being done by Holmes. According to appellee, he had no agreement with Holmes relative to the payment of interest, and when he signed the note the blanks therein relative to interest were left unfilled.    In the note as sued on, these blanks are filled in the handwriting of Holmes, making the note bear eight per cent. interest from date. According to Holmes, these blanks were filled before the signing of the note.    If these blanks were filled after the delivery of the note, the note was thereby materially altered, and such alteration constitutes a complete defense thereto, even in the hands of a *bona fide* purchaser without notice.    *Simmons v. Atkinson,* 69 Miss. 862, 12 South. 263, 23 L. R. A. 599.

The court, therefore, committed no error in refusing the peremptory instruction requested by appellant.

For the error hereinbefore referred to, however, the judgment of the court below is reversed, and the cause remanded.

*Reversed.*