UPTON v. BUSH *et al.*[*]

(Division A.     March 1, 1926.)

[107 So. 284.     No. 25462.]

1. BILLS AND NOTES. *Substituted payee cannot escape knowledge that bank's name as original payee had been erased and his own inserted, which required of him investigation of circumstances attending execution.*

Where maker procured indorsement of note payable to bank, which refused to take it, substituted payee cannot escape knowledge that bank's name was erased as payee, requiring investigation of circumstances indicating that payee was material factor in obtaining signature of indorsers.

2. BILLS AND NOTES. *Changing name of payee in note after indorsement completely changes identity and releases indorsers having no knowledge of change.*

Note, which had been executed and indorsed payable to bank completely lost its identity on changing name of payee, so as to relieve liability of indorser, who had no knowledge of change.

3. ALTERATION OF INSTRUMENTS. *Test is not whether alteration is beneficial or injurious to party sought to be charged, but whether altered contract is one entered into.*

The test is not that alteration was or was not beneficial or injurious to party sought to be charged on the instrument, but whether contract in altered form is the one entered into.

4. ALTERATION OF INSTRUMENTS. *Changing name of payee of note, with knowledge of holder, is a material change, which avoids note.*

    Alteration of name of payee of note, where holder is party to or cognizant of alteration, is a material change, which avoids the note.

---

    *Corpus Juris-Cyc. References; Alteration of Instruments, 2 C. J., pp. 1174, n. 18; 1215, n. 58; Bills and Notes, 8 C. J., pp. 371, n. 75; 505, n. 33.

APPEAL from circuit court of Jones county.

HON. ROBT. S. HALL, Judge.

Action by T. L. Upton against F. S. Bush and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Goode Montgomery,* for appellant.

The courts have uniformily held that the *payee* is an essential element of a note payable to *order* but under the Uniform Negotiable Instrument Law, which is now the law of this state, we have been unable to find a construction of the section dealing with notes payable to *bearer,* wherein the name of the *payee* is adjudged to be an essential part of the note, so that the alteration of the name as set out would avoid the note.

This law declares the *payee* of certain classes of notes to be *bearer.* There can be one name or several names proceeding the words *"or bearer"* and still, under this law, the *payee* is the *bearer.* None of the persons named before the words *"or bearer"* may ever see the note or have any responsibility concerning it and still the note will be a negotiable, binding obligation on the makers and is the property of the person who holds it because the law declares that such notes are negotiable by delivery. See sec. 9, chapter 244, Laws of 1916.

In the note sued on the *payee* of the note is *bearer.* The fact that the name "The First National Bank of Laurel" was written before the words *"or bearer"* had

no legal effect whatever. The note is transferable by delivery and when it was delivered to appellant for a valuable consideration without notice, he became the holder thereof with all the rights that the First National Bank would have had, had it bought the note. We frankly admit that had the words *"or bearer"* been changed, the *payee* would thereupon have been changed and the note would have been void because the law declares that the words *"or bearer"* are essential in establishing the legal effect of the instrument, but the name "The First National Bank" has no effect whatever in the nature of the instrument. Chapter 244, section 125, Laws of 1916, sets out what are material alterations.

I submit that the facts in this case present no material alteration under the foregoing section, which is our law and controls the legal rights of the parties to this transaction.

*Jeff Collins,* for appellees.

Counsel for appellant bases his right to recover on the fact that the note in question is payable to *bearer* and says that since this court has construed a note like the note in question to be a note payable to *bearer* and transferable on delivery, to strike out the "First National Bank" in said note and insert "T. L. Upton" did not materially alter the said note. We find a multitude of cases where the name of the payee has been striken out and another inserted and where it was not shown whether it was a note payable to *order* or to *bearer,* and the courts have uniformly held that such an alteration is a material alteration and avoids the note, and that, too, in the hands of a holder for value.

The test as to whether an alteration is material or not is not whether the maker has been injured or benefited by the alteration, but whether the contract has lost its identity. This is the test adopted by this court in *Simmons* v. *Atkinson & Lampton Co.,* 69 Miss. 862, 12 So.

263, 23 L. R. A. 599.  See, also, *First Nat'l Bank of Commerce* v. *Markel et al.*, 53 So. 350; 3 R. C. L. page 1115, secs. 328 and 330; 42 Am. St. Rep. 397; 48 Am. St. Rep. 753.

So the erasure of the name of the original payee of a promissory note after execution by a party to the instrument and the substitution of another without the consent of the maker is material and avoids the note. *Burgess* v. *Blake,* 86 Am. St. Rep. 88 and note; *Munn* v. *Hyt et al.,* 91 So. 169 (La.).  Certainly the identity of the contract as made to the "First National Bank or bearer" was materially changed by striking out "First National Bank" and inserting "T. L. Upton."  It may be very material to the endorsers in this way:  In case Wiggington failed to pay the note when due, the bank, being engaged in the business of lending money, would naturally be thought by Bush and Walters to be willing to extend the loan; while Upton, as he did, would want his money when due and would make demands and sue if not paid.  This would materially prejudice the rights of the makers.  Bush and Walters would have the right to presume that the bank would follow its custom of not transferring such paper to third parties, individuals, as Upton.

If this court should decide that this alteration was immaterial, it would be a license to unscrupulous persons to make all kinds of additions alterations and erasures on negotiable paper, and thereby invite fraud, and destroy the identity of notes, checks, and other paper, so that no one would be able to identify his obligations.  It would destroy the evidential value of a written instrument.

McGOWEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Jones county, in which a judgment was entered in favor of Bush and Walters, appellees here, and against Upton, the plaintiff in the case below, and appellant here.

The following is the agreed statement of facts:

"It is agreed by and between the attorney for the plaintiff and attorneys for the defendant that the following are the facts in this case:

"That J. H. Wiggington went to the First National Bank of Laurel, Miss., and had a note for seventy-five dollars prepared by one of the authorities of the bank on the regular blank form of the notes used by said bank, which note was payable to the First National Bank, or bearer, Laurel, Miss. The said J. H. Wiggington, de siring to borrow some money on the said note from the said bank, was informed by the said bank that it was necessary for him to get two good men to sign with him as sureties on said note. Whereupon he affixed his signature to said note as principal maker, and procured the signature of U. P. Walters and F. S. Bush, the other defendants to the said note, with the understanding that, if the said note was presented to the First National Bank and the First National Bank did not make a loan on the indorsement, the note should be destroyed. It is further agreed that Upton did not know of the above agreement.

"The said J. H. Wiggington after securing these signatures went to the First National Bank and presented the said note to the bank for the loan, and the bank refused to loan him the money with these indorsements, whereupon he, before the note was due, took the note, and went to the plaintiff, T. L. Upton, and he and Upton erased the First National Bank as payee and inserted the name of T. L. Upton as payee in said note, and Mr. Upton then let him have seventy-five dollars on said note.

"It is further agreed that Mr. T. L. Upton knew that the said note was presented to the First National Bank and was turned down by it before it was presented to him, and that he knew and was a party to striking out the First National Bank as payee and inserted his own name therein."

"When the note became due the said T. L. Upton presented it to the said F. S. Bush and U. P. Walters for

payment and that was the first information that they had that the said T. L. Upton was in possession of said note, and F. S. Bush and U. P. Walters, upon default of J. H. Wiggington, refused to pay said note, and this suit was brought in the justice court to recover on said note.

"It is the contention of the defendants F. S. Bush and U. P. Walters in said note that the striking out of the First National Bank as payee and inserting the name of T. L. Upton as payee was a material alteration in said note and rendered the note absolutely void, and, for that reason, T. L. Upton cannot recover from U. P. Walters and F. S. Bush, who are the only ones appealing from the judgment in the justice court."

## OPINION OF THE COURT.

It will be noted that Upton took the note with the knowledge that it had been presented to the First National Bank, the original payee, and with the knowledge that Wiggington spoliated it by changing the name of the payee, erasing the First National Bank therefrom, and inserting his (Upton's) name. It will be further noted that Wiggington had agreed with Bush and Walters, the defendants, that he would destroy the note in case the First National Bank did not make the loan.

The appellant's only point here is that after the name of the payee, as originally written, appeared the words "or bearer." We fail to see how Upton can escape his knowledge of the spoliation of the instrument which knowledge required of him an investigation of the circumstances attending the execution of the paper, which, if followed up, would have developed that the payee in the note was a material element in obtaining the signatures of the defendants.

It occurs to us as a fact that the signers of a note are willing to execute the note for a small sum payable to a bank, knowing the custom of banks not to rediscount this character of paper, and are willing to obtain credit from a banking institution, whereas they would not be

willing to have their note in the hands of private individuals, who are not usually so careful about the preservation of the secrets and obligations of their neighbors as is a banking institution.

The general rule is that a change in the name of the payee in a promissory note without the consent of the makers is a material alteration of the instrument and avoids it as to such makers.

The only effect that might be given to the words "or bearer" might be to relieve one who was an innocent holder for value, which we expressly do not decide. Upton was not in this category, but knowingly accepted the note after he had witnessed the spoliation.

In the case of *Simmons* v. *Atkinson & Lampton Co.,* 12 So. 263, 69 Miss. 862, 23 L. R. A. 599, where a note was changed or altered by adding the words "or bearer" for the word "Camp & Ames" and by the addition of the words "Bank of Summit, Miss.," after the word "at," was a material alteration and avoided the note in the hands of the *bona-fide* purchasers for value before maturity, though there was nothing on the face of the note indicating an alteration and the added words were written in blank spaces that had been left blank by the maker; and, in concluding the opinion, Judge COOPER, the organ of the court, said:

"So one who issues negotiable paper is under liability only to those who take the contract he has made. He assumes no obligation of another contract, though it may be written on the same paper, and is equally free from liability if the agreement he has made is materially changed; for the agreement as changed is no more than if all its terms were forged.

"The judgment is reversed, the demurrer to the replication sustained, and cause remanded."

The test is whether there is a material change in the contract by its alteration and is not one of injury or benefit to the maker. In this case the contract completely lost its identity.

The only effects of the Negotiable Instrument Law (Hemingway's Code, section 2702) would be as to whether or not an innocent holder might be protected, which we do not here deem necessary to decide.

In 3 Ruling Case Law, p. 1115, section 330, the rule is stated: "As a general rule any alteration in the parties to an instrument without the consent of the obligors is material and discharges the latter from their obligation. A change in the name of the payee is a material alteration."

In the same volume, section 328, p. 1112, there is this statement: "Unquestionably, every alteration in a negotiable instrument whereby the identity of the paper is in any way affected is material. And any alteration which causes the instrument to speak a language different, in legal effect, from that which it originally spoke, is a material alteration."

It is unimportant that the alteration was or was not beneficial or injurious to the party whom it is sought to charge on the instrument, but whether the contract in its altered condition is the contract into which he entered; also the alteration of the name of the payee of a promissory note where the holder of the note is a party to or cognizant of the alteration by changing the name of the payee of a promissory note is a material change, which avoids the note. We also cite the notes to the case of *Burgess* v. *Blake*, 86 Am. St. Rep. 82, *et seq.*

*Affirmed.*